IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MATTHEW PARKER, ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:19-cv-1191 |
| ANDREW M. SAUL, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| Defendant. | |

## ORDER

On November 23, 2020, United States Magistrate Judge Michael S. Nachmanoff entered a Report and Recommendation ("Report") in this social security case regarding a final decision from the Commissioner of the Social Security Administration denying plaintiff's claim for disability insurance benefits. In the Report, Judge Nachmanoff recommends that plaintiff's motion for summary judgment be denied and that defendant's motion for summary judgment be granted.[1]  Specifically, the Report finds that the Administrative Law Judge ("ALJ") sufficiently explained how he determined plaintiff's residual functional capacity ("RFC"), what evidence the ALJ considered, and how the ALJ weighed the relevant medical evidence. Thus, the ALJ's decision was supported by substantial evidence.

Upon consideration of the record and Judge Nachmanoff's well-reasoned Report, to which no objections have been filed, and having found no clear error,[2]

---

[1] Both parties in this matter were represented by counsel.

1

The Court **ADOPTS**, as its own, the findings and facts and recommendations of Judge Nachmanoff as set forth in his Report (Doc. 22).

Accordingly,

It is hereby **ORDERED** that plaintiff's motion for summary judgment (Doc. 14) is **DENIED**.

It is further **ORDERED** that defendant's motion for summary judgment (Doc. 19) is **GRANTED**.

The Clerk of Court is directed to enter Rule 58 judgment in favor of the defendant.

The Clerk of the Court is further directed to provide a copy of this Order to all counsel of record and to place this matter among the ended causes.

Alexandria, Virginia
December 16, 2020

/s/
_____
T. S. Ellis, III
United States District Judge

---

[2] *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (in the absence of any objections to a magistrate's report, the court "need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'").

2